the allegations of the complaint, a recovery could not be had under an implied promise to pay, and in this he was clearly in error. The complaint is substantially in the form of the common count in assumpsit for goods sold and delivered and labor and work performed for Columbia University upon defendant's promise to pay therefor. Numerous decisions might be cited to the effect that this is a good pleading under our Code. Allen v. Patterson, 7 N. Y. 476, 57 Am. Dec. 542; Farron v. Sherwood, 17 N. Y. 227; Hosley v. Black, 28 N. Y. 438; Conaughty v. Nichols, 42 N. Y. .83; The New York News Publishing Co. v. The National S. S. Co., 148 N. Y. 39, 42 N. E. 514; Goodman v. Alexander, 165 N. Y. 289, 59 N. E. 149, 55 L. R. A. 781; Hatch v. Leonard, 165 N. Y. 435, 59 N. E. 270.

It is also suggested that the plaintiff was not entitled to recover because it failed to prove the reasonable value of the materials furnished. It endeavored to make such proof, and, if unsuccessful in this respect, it was by reason of objections made by the defendant. However, there was proof sufficient to go to the jury on this subject. It proved the money expended, and the witness Brown stated —which statement was not contradicted—that the market value of the equipment, excluding the tanks, for which the plaintiff paid about $2,000, was between $9,000 and $10,000.

It is unnecessary to consider specifically the various errors alleged. The case was tried upon a wrong theory, the court erred in dismissing the complaint, and the judgment and order appealed from must therefore be reversed, and a new trial ordered, with costs, to the appellant to abide the event. All concur, except PATTERSON, J., who dissents.

(100 App. Div. 460)

### IRVING SAV. INST. v. SMITH et al.

(Supreme Court, Appellate Division, First Department. January 6, 1905.)

1. MORTGAGES—FORECLOSURE—DEFAULT—VACATION—CONDITIONS.

A third mortgagee having made default in surplus proceedings, the referee awarded the entire fund to the second mortgagee. This default was set aside because of an alleged agreement between the attorneys that the third mortgagee should receive a substantial amount on her mortgage, on condition that, if she failed to sustain its validity and priority over all other liens of the parties to the former hearing, she would pay all costs and expenses of the rehearing, including the stenographer's fees and all losses to the other parties for delay of payment of the surplus and additional expense, and that the referee's report should stand "as confirmed and conclusive." *Held*, that such conditions were unjustifiable, and should be modified so as to require payment of the fees of the referee and stenographer's charges and the fees of witnesses incurred or paid intermediate the third mortgagee's failure to attend and the filing of the referee's report.

Appeal from Special Term, New York County.

Action by the Irving Savings Institution against Arthur E. Smith and others. From so much of an order as imposed conditions on the opening of the default of Margaret J. Smith in surplus proceedings, she appeals. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-
TERSON, INGRAHAM, and LAUGHLIN, JJ.

Frederick H. Kellogg, for appellant Margaret J. Smith.
Levi M. Isaacs, for respondent Harris Solomon.
Elmer E. Cooley, for respondent trustees in bankruptcy.

McLAUGHLIN, J.   Arthur E. Smith executed three mortgages
upon real estate in the city of New York—the first, for $75,000, to the
plaintiff; the second, for $12,000, to one Solomon; and the third, for
$11,198, to the appellant, Smith.   Subsequent to the execution of these
mortgages mechanics' liens were filed, aggregating several thousand
dollars, the mortgagor adjudged a bankrupt, and a trustee in bank-
ruptcy appointed.   The plaintiff foreclosed its mortgage, and after the
payment of the amount due, including interest and costs, there remained
a surplus of $13,580.   Proceedings were thereupon taken by the ap-
pointment of a referee to ascertain and report the amount due Solomon
or any other person who had a lien upon such moneys and the priority
thereof.   The appellant, Smith, claimed that the Solomon mortgage
was invalid in whole or in part, but, notwithstanding her attorney had
notice of the hearing before the referee, he neglected to attend.   He
claimed that his neglect in this respect was due to the fact that he
had an arrangement with attorneys representing other lienors, by which
the amount claimed to be due on the Solomon mortgage was to be re-
duced to such a sum that his client would receive a substantial amount
upon her mortgage.   At the hearing before the referee the Solomon
mortgage was allowed for the full amount claimed, which exhausted
the entire surplus.   The referee having made a report, the appellant
moved that the same be set aside, her default be excused, and a rehear-
ing had.   The motion was granted upon condition that she file an un-
dertaking of an approved surety company to the effect that, if she
failed upon the rehearing to sustain the validity of her mortgage and
the priority thereof over all other liens represented by the parties who
participated in the former hearing, then she would pay all costs and
expenses of the rehearing, including the reasonable charges of a stenog-
rapher to be employed by the referee, and also pay to Solomon or any
other of said parties all losses which they might suffer by reason of
the delayed payment of the surplus moneys occasioned by the rehearing,
and also all additional expense to which he or they might be put by
reason thereof.   The order also provided that upon the rehearing all the
evidence which had been taken upon the prior hearing should stand, and
that the report of the referee theretofore filed should stand as confirmed
and conclusive.   The appellant appeals from so much of the order as
imposes conditions.

I think the order, in so far as appealed from, should be modified by
striking out the conditions imposed, and inserting in place thereof a
provision requiring the appellant to pay the fees of the referee, includ-
ing stenographer's charges, if any, and the fees of witnesses incurred
or paid intermediate the appellant's failure to attend the hearings and
the filing of the referee's report.   The court, in granting the rehearing,
necessarily reached the conclusion that the appellant's attorney's failure

to attend before the referee was excusable. This being so, the appellant ought to be put·in precisely the same position that she would have been had her attorney attended, but in doing this it would be unfair to impose the expense which was incurred, after his failure to attend, upon the other parties. These expenses, so far as appears, were incurred in good faith, and ought, therefore, to be paid by her. By requiring the appellant to pay this expense, all of the parties are placed in precisely the same position which they occupied before the default took place.

If the Solomon mortgage is invalid, either in whole or in part, then the appellant ought to be afforded an opportunity to show that fact; and there does not seem to be any good reason why, under the facts presented, she should be required to give an undertaking to pay all of the damages sustained, including expenses incurred by the other parties to the reference. Not only this, but it is difficult to see how she is given such an opportunity under the order appealed from, if the "report of the referee heretofore filed * * * shall stand as confirmed and conclusive."

So much of the order as is appealed from, therefore, is modified as indicated in this opinion, and, as thus modified, affirmed, without costs to either party. All concur.